[ECF Nos. 52, 53]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

**GABRIEL BARRERA ALMONTE, et al.,**

**Plaintiffs,**

v.

**FEDERAL EXPRESS CORPORATION, et al.,**

**Defendants.**

---

Civil No. 23-03224 (KMW/MJS)

---

**ORDER**

This matter is before the Court on the Motion by nonparty Kellie S. Walker ("Ms. Walker") to Quash and For a Protective Order. ECF No. 52. Defendants Federal Express Corporation and Automotive Rentals, Inc. ("Defendants") oppose the motion and filed a Cross-Motion for a Temporary Stay. ECF No. 53. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides these motions without oral argument. For the reasons that follow, Defendants' cross-motion to stay [ECF No. 53] is **GRANTED** and Ms. Walker's motion [ECF No. 52] shall be **ADMINISTRATIVELY TERMINATED.**

### I.    Background

In bringing this action, plaintiffs Gabriel Barrera Almonte, Mayra Magadan Munoz, James Jackman, Miki Nolin, and Richard Alliet ("Plaintiffs") allege that Defendants "intentionally replaced odometers on thousands of used diesel fleet delivery vehicles" to make it appear that the vehicles had not accumulated any mileage, when in fact "the vehicles had

1

been driven for hundreds of thousands of miles[.]" ECF No. 27 at 2.[1]  In connection with this litigation, Defendants served subpoenas for documents and deposition testimony on Ms. Walker, a former employee of Automative Rentals, Inc. ECF No. 52 at 5. Ms. Walker then moved to quash and for a protective order, contending that these subpoenas subject her to an undue burden, seek irrelevant information, and attempt to circumvent a scheduling order from another federal district court. Id. at 9.

Defendants assert that, while Rule 26(c) of the Federal Rules of Civil Procedure permits this Court to adjudicate her request for a protective order, Rule 45(d) requires that she file her motion to quash in the United States District Court for the Western District of North Carolina, "the court of compliance for the underlying subpoenas at issue here." ECF No. 53 at 5. As a result, Defendants filed a cross-motion for a temporary stay, so that they may file their motion to compel in the Western District of North Carolina and then request a transfer to this Court. Id. They argue that "[a] temporary stay is…both necessary and appropriate to avoid parallel proceedings and inconsistent rulings, promote efficiencies, and save judicial resources." Id.

## II.    Discussion

Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order where the action is pending[.]" Fed. R. Civ. P. 26(c)(1). However, while "[a] subpoena must issue from the court where the action is pending" under Rule 45(a)(2), a motion to modify or quash a subpoena must be heard by "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A); see Corporate Incentives, Inc. v. Unified Safe Guard, LLC, Civ. No. 20-13471, 2023 WL 6164278, at *2

---

[1] In this Order, all references to page numbers in ECF entries correspond to the stamped ECF number in the header.

(D.N.J. July 25, 2023) (finding that, although the subpoena "issued from [that] Court because the mater [was] pending in [that] District," it was not "the court for the district where compliance is required" and therefore was the improper forum for motions to compel and motions to quash); see also Rardon v. Falcon Safety Prods. Inc., Civ. Nos. 23-1594, 23-1596, 2023 WL 5347298, at *1 n.4 (3d Cir. Aug. 21, 2023) ("The United States District Court for the Eastern District of Pennsylvania had jurisdiction over the motions to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45 because compliance with the subpoena was required at [the nonparty]'s principal place of business in Horsham, Pennsylvania.").

While "[m]otions challenging subpoenas under Rule 45 of the Federal Rules of Civil Procedure must be filed in the court for the district where compliance is required…[c]ourts differ on how that phrase is defined." Takeda Pharm. Co. v. Caremark RX, LLC, Civ. No. 23-mc-111, 2023 WL 6201363, at *1 (E.D. Pa. Sep. 22, 2023) (internal quotations and citation omitted); see Everlast Roofing, Inc. v. Wilson, Civ. No. 23-00828, 2024 WL 5629643, at *6 (M.D. Pa. July 15, 2024). "Some hold that the place where compliance is required is the location identified on the subpoena, while others find that the place of compliance is dependent on where the recipient resides or works." Takeda Pharm., 2023 WL 6201363, at *1 (collecting cases).

That said, under either of these standards, this Court is not the proper forum to rule on Ms. Walker's motion to quash. See, e.g., Everlast Roofing, 2024 WL 5629643, at *7 (concluding that the motions to quash were improperly before the Court because "none of the…subpoenas require compliance in the Middle District of Pennsylvania" and finding that the motions to quash "should be adjudicated in their defined compliance districts"). Here, the location listed on both subpoenas served on Ms. Walker is the Fox Rothschild office in

3

Charlotte, North Carolina. ECF No. 52 at 14, 24. Ms. Walker currently lives in Sumter, South Carolina. Id. at 5. "Accordingly, this Court finds it lacks jurisdiction to decide this dispute." Everlast Roofing, 2024 WL 5629643, at *7.

However, as the Court "where the action is pending" under Rule 26(c), the Court does have jurisdiction to decide Ms. Walker's motion for a protective order. Therefore, in light of the Court's "inherent authority to engage in case management," Staff4 Jobs, LLC v. List Logistics, LLC, Civ. No. 18-13399, 2020 WL 13580942, at *3 (D.N.J. Oct. 19, 2020), and in the interest of conserving judicial resources and preventing inconsistent judicial outcomes that may arise when different courts decide motions concerning the same subpoenas, the Court finds that staying Ms. Walker's motion is appropriate. See Woodard v. Victory Records Inc., Civ. No. 14-490, 2014 WL 12569342, at *2 (C.D. Cal. Mar. 12, 2014) (transferring a motion to quash to the court where the action was pending where transfer "would promote judicial economy" and "minimize the risk of inconsistent rulings" because the other court was "thoroughly familiar not only with the claims and defenses alleged in the underlying action, but also with" the documents in question).

While this Court is not presently the proper forum for deciding the merits of the motion to quash, Defendants have expressed their intent to seek a transfer to this Court. ECF No. 53 at 17. Because the motion for a protective order is appropriately before this Court, and given the likelihood that the motion to quash will be transferred, the Court will stay Ms. Walker's motion pending the outcome of Defendants' transfer request.

**IT IS**, therefore, on this **10th** day of **June 2026**,

**ORDERED** that Defendants' Cross-motion to Stay is **GRANTED**; and it is further

4

**ORDERED** that Ms. Walker's Motion to Quash and for a Protective Order is stayed pending the outcome of Defendants' transfer request. The Clerk's Office shall **ADMINISTRATIVELY TERMINATE** Ms. Walker's motion for case management purposes.

s/Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge